IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3140 |
| | ) | |
| v. | ) | |
| | ) | |
| JEROME LANELLE COLEMAN, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

At 2:10 p.m. I held a telephone conference with AUSA Sara Fullerton, John Velasquez, defense counsel for Mr. Coleman, and AFPD John Vanderslice, counsel for Donald Scott Ritchey, also known as Dante Ritchey. Mr. Vanderslice advised that he had spoken with his client and that Ritchey had told Mr. Vanderslice that he did not wish to testify and would invoke his Fifth Amendment privilege if called to testify in this case.

As a result of the foregoing, Mr. Velasquez indicated that he would not try to interview Ritchey and that the United States Marshal's Service was not required to obtain Ritchey's presence. Ms. Fullerton agreed that it was not necessary to compel the attendance of Ritchey merely to have him invoke the Fifth Amendment privilege.

Mr. Velasquez also indicated that he may wish to call his secretary to testify regarding statements that Ritchey had made to her. Ms. Fullerton indicated that she would object on hearsay grounds. Mr. Velasquez suggested that the residual exception to the hearsay rule might be applicable, but Ms. Fullerton suggested that that exception would not apply. I told the lawyers that I could not resolve that matter in the abstract and that we would take up that issue at 9:00 a.m. on Friday, January 19, 2007.

IT IS THEREFORE ORDERED that:

  (1) The United States Marshal's Service shall not secure the attendance of Donald Scott Ritchey for the trial of this case.

  (2) If the defendant wishes to reopen his case and present the testimony of counsel's secretary regarding the statements of Mr. Ritchey, counsel shall be prepared to argue that matter at 9:00 a.m. on Friday, January 19, 2007.

  January 18, 2007.   BY THE COURT:

            s/ *Richard G. Kopf*
            United States District Judge