IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3140 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| JEROME LANELLE COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before me for initial review[1] of a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (filing 79) filed by the defendant, Jerome Lanelle Coleman, who complains that his trial counsel was ineffective. Because it plainly appears that Coleman is not entitled to relief, the motion will be dismissed.

## *I. BACKGROUND*

Coleman was convicted of conspiracy to distribute crack cocaine and was sentenced to a term of 292 months' imprisonment on April 19, 2007. His conviction

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

and sentence were affirmed on appeal to the Eighth Circuit on May 15, 2008. A petition for a writ of certiorari was denied by the Supreme Court on October 14, 2008.

Coleman's § 2255 motion was deposited in the prison's mailing system on October 13, 2009, and is deemed filed as of that date. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. The filing was timely under the statute's one-year limitations period.

Coleman does not identify any grounds for relief in the § 2255 motion, but instead references an attached "memorandum of law" in which Coleman argues he "was denied effective assistance of counsel during his jury trial which resulted in a violation of petitioner Coleman's Sixth Amendment right to effective assistance of counsel." (Filing 80, at 7.) More particularly, Coleman complains that his attorney (1) failed to preserve a hearsay objection to the testimony of Nina Forst regarding a statement made by Damario Waters, or to cross-examine Forst; (2) failed to preserve a hearsay objection to the testimony of Robyn Jackson regarding a statement made by Jason Roberts; and (3) failed to obtain a favorable ruling on a motion to withdraw the defendant's rest in order to permit testimony regarding a hearsay statement by Dante Ritchey, and also failed to preserve the issue for appeal.

## II. DISCUSSION

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). To establish a claim of ineffective assistance of counsel, the defendant must demonstrate both deficient performance and prejudice. *See United States v. Davis*, 508 F.3d 461, 463

(8th Cir. 2007), *cert. denied*, 128 S.Ct. 1731 (2008). That is, the defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984)). The court need not address both components if an insufficient showing is made on one of the prongs. See *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

### A. Testimony of Nina Forst

Nina Forst, a prosecution witness, testified on direct examination that she had accompanied her boyfriend, Damario Waters, to various locations in Lincoln where he was distributing drugs. After indicating that Waters on occasion would tell her who he was going to see before they drove to a location, Forst was asked by Assistant U.S. District Attorney Sara Fullerton if Waters "ever [told] you that he was going to see Jerome Coleman?" (Filing 66, at 70:19-20.) When defense counsel interposed a hearsay objection, I called the lawyers to the bench. Ms. Fullerton argued at sidebar that Waters' statement was made in furtherance of the drug conspiracy and should be admissible on that basis. I informed Ms. Fullerton that more foundation was required, whereupon she withdrew the question and the sidebar conference was terminated.

Even though Ms. Fullerton's question went unanswered, Coleman complains that his attorney, John Velasquez, "made a proper objection to hearsay but failed to preserve the argument for direct appeal, or at petitioner['s] closing argument." (Filing 80, at 9.) This claim is patently frivolous.

Coleman further complains that after Forst "provided creditable testimony, counsel Velasquez was afforded the opportunity to cross examine . . . but stated to the court, '<u>Judge, I have no questions for her.</u>'" (Filing 80, at 10 (emphasis in original).) Defense counsel's decision to not cross-examine Forst was a matter of trial strategy,

3

*see* United States v. Lamoreaux, 422 F.3d 750, 755 (8th Cir. 2005), and Coleman has not alleged any facts to establish that such decision was unsound. That is, Coleman has not alleged any facts showing a reasonable probability that his trial would have ended differently if Forst had been cross-examined.[2]

Coleman also generally argues, again without providing any factual support, "that counsel Velasquez failed to prepare for trial, and properly cross-examine government witnesses, or impeach government witnesses with inconsistent prior statements that witness Damario Waters provided to the court during counsel['s] cross-examination, [and] . . . fail[ed] to call corroborating witnesses [to] support defendant's testimony, . . .." (Filing 80, at 10.) Vague and conclusory allegations such as these are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See* Hollis v. United States, 796 F.2d 1043, 1046 (8th Cir.1986).

### B. *Testimony of Robyn Jackson*

Another prosecution witness, Robyn Jackson, was permitted to testify over objection that her boyfriend, Jason Roberts, had stated that crack cocaine he was supplying to her for resale had been obtained from Coleman. Coleman contends that his attorney "failed to contest and challenge the court's determination of Roberts's testimony [sic] relating to Coleman['s] involvement in the conspiracy, see Tr. Tran. p. 131, sec. 3-11. Counsel raised an objection but failed to further his objection by preserving such objection under appeal." (Filing 80, at 10.) This is untrue. Counsel was granted a continuing objection to all testimony by Jackson regarding Roberts' statement. (Filing 67, at 131:10-132:2.)

---

[2] A § 2255 motion must specify all available grounds for relief and "state the facts supporting each ground[.]" Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

4

Coleman also "asserts that counsel's action totally misrepresent the cause and action of his theory of defense." (Filing 80, at 10.) This vague and conclusory allegation does not sufficiently state grounds for relief under § 2255.

### C. Hearsay Statement of Donald Ritchey

During the informal jury instruction conference held during the early afternoon on January 18, 2007, after the parties had rested, defense counsel informed me that his office had received a telephone call that morning from a former client, Donald Ritchey, who stated that the day before he had been in the U.S. Marshal's holding cell along with six witnesses for the prosecution, and had overheard them saying they were going to lie during their testimony. I postponed closing arguments until the following day to allow defense counsel time to interview Ritchey at the county jail where he was then being held.

When court reconvened the next morning, defense counsel indicated he had been unable to conduct the interview because the federal public defender, who was now representing Ritchey, advised that Ritchey would invoke his Fifth Amendment privilege if called to testify. Defense counsel then sought to have his secretary testify regarding her conversation with Ritchey, and a hearing was held as to whether a hearsay exception might apply to the secretary's proposed testimony. After receiving evidence and hearing arguments from both sides, I determined there was not a sufficient showing of reliability for the admission of Ritchey's statement under the residual hearsay exception of Federal Rule of Evidence 807, and I therefore denied defense counsel's motion to withdraw his rest to present the additional testimony.

In support of his § 2255 motion, Coleman (1) "respectfully argues to the court that the hearsay exception are not excluded by the hearsay rule if the declarant is unavailable as a witness . . . [under] Rule 804(b)" (filing 80, at 11); (2) claims that his attorney "erred in his failure to pursue the credibility of the declarant base[d] upon

mitigation facts that could have been relevant to petitioner Coleman['s] defense before the court" (*id.*, at 13); and also claims that defense counsel "failed to preserve the court denial of said motion [to withdraw the defendant's rest] for appeal" (*id.*). There is no merit to any of these arguments.

The first argument, even if it were correct as a matter of law, which it is not, does not provide a ground for relief under § 2255. *See* Houser v. United States, 508 F.2d 509, 515-16 (8th Cir. 1974) ("Claimed errors in evidentiary rulings . . . do not state a claim for relief under 2255.").

Coleman's second argument, that his attorney should have done something more to establish the reliability of Ritchey's statement, is not supported by any facts. It is meaningless to suggest that counsel failed to use "mitigation facts that could have been relevant" to the defense.

Third, and finally, Mr. Velasquez was not required to take any further action in order to preserve for appeal the alleged error of my ruling. A failure to appeal this issue cannot be attributed to ineffective assistance of trial counsel.

### *III. CONCLUSION*

Even after searching through Coleman's supporting brief for possible claims, it is apparent that he is not entitled to any relief under 28 U.S.C. § 2255.

Accordingly,

IT IS ORDERED that:

1. All claims made in the defendant's § 2255 motion and supporting brief (filings 79, 80) are dismissed with prejudice on initial review.

2. A separate judgment of dismissal will be entered.

November 18, 2009.                    BY THE COURT:

                                      *Richard G. Kopf*
                                      United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.